# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| OMAR S. ARNOLD, | ) |
| Petitioner, | ) |
| v. | ) |
| | ) CASE NO. 2:12-cv-04050-JHH-PWG |
| WARDEN ESTETS; and THE ATTORNEY GENERAL FOR THE STATE OF ALABAMA, | ) |
| Respondents. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Omar S. Arnold ("Arnold"), filed this petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254.  Arnold is in custody at the Limestone Correctional Facility.  (Doc. # 1 at 1).  The respondents have not yet been served with a copy of the Petition.  On October 16, 2013, the previously assigned magistrate judge ordered Arnold to show cause, on or before November 22, 2013, why the Petition should not be dismissed as successive.  (Doc. # 3).  The Order to Show Cause also informed Arnold that failure to respond would result in summary dismissal.  (*Id.*).  As of the date of this Report and Recommendation, Arnold has not responded to the Order to Show Cause.  For the following reasons, the undersigned recommends that the Petition be denied and dismissed.

The Petition attacks a conviction entered in the Circuit Court of Jefferson County, Alabama, on January 25, 2010.  (Doc. # 1 at 2).  That conviction resulted from Arnold's guilty plea to a charge of trafficking marijuana.  (*Id.*).  As a result of this conviction, Arnold was sentenced to life imprisonment.  (*Id.*).  The Petition seeks relief on the following grounds: (1) Arnold's guilty plea was unlawfully induced or involuntary; (2) denial of ineffective assistance of counsel; and (3) denial of the right to appeal.  (*Id.* at 4).

As noted in the Order to Show Cause, this court is authorized to take judicial notice of its own records. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *see also* Doc. # 3 at 2. The records show that Arnold previously filed a § 2254 petition attacking the same conviction. *See Arnold v. Estets*, 2:12-cv-02398-KOB-PWG. That action is still pending.

The statute governing habeas corpus petitions provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeal for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). In *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997), *cert denied* 520 U.S. 1203 (1997), the Eleventh Circuit held that the district court lacked jurisdiction to hear a second habeas petition where the petitioner had not first obtained permission to file the successive petition. This is precisely the issue which Arnold was ordered to address in the Order to Show Cause. (Doc. # 3 at 2). Arnold has failed to do so. Accordingly, the Petition is due to be dismissed as successive.

**RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

Based on the foregoing, it is RECOMMENDED that this § 2254 motion is due to be DISMISSED as successive.

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the Clerk of this Court. Failure to do so will bar any later challenge or review of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). In order to challenge the findings of the magistrate judge, a party must file with the Clerk of the Court written objections which shall specifically identify

the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.  The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record.  The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk of Court is **DIRECTED** to serve a copy of this report and recommendation upon Arnold.

DONE this 3rd day of December, 2013.

_____
PAUL W. GREENE
U.S. MAGISTRATE JUDGE