IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| OMAR S. ARNOLD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) CASE NO. 2:12-cv-04050-JHH-PWG |
| WARDEN ESTETS; and THE | ) |
| ATTORNEY GENERAL FOR | ) |
| THE STATE OF ALABAMA, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION AND ORDER**

The magistrate judge filed a findings and recommendation on December 3, 2013 (Doc. # 4), recommending that the petition for writ of habeas corpus filed by petitioner, Omar Arnold ("Petitioner"), be DENIED. On December 12, 2013, Petitioner filed a pleading styled as "Omar Arnold's Objection to the Magistrate's Report and Recommendations." (Doc. # 5). The court will treat such filing as a motion, or, in the alternative, as objections to the magistrate judge's report and recommendation.

On October 16, 2013, the previously-assigned magistrate judge ordered Petitioner to show cause (Doc. # 3) why this petition, filed pursuant to 28 U.S.C. § 2254, should not be dismissed as successive. Specifically, currently pending before a different judge sitting in this district is Petitioner's earlier-filed § 2254 petition, which challenges the same conviction as the instant petition and is captioned as *Arnold v. Estets*, 2:12-cv-02398-KOB-PWG (the "Previous Petition"). The report and recommendation, noting that Petitioner had not responded the to the Order to Show Cause, recommended that the instant petition be dismissed as successive of the Previous Petition. (Doc. # 4 at 2).

1

Petitioner objects on the following grounds: (1) that he filed a response to the Order to Show Cause, which the report and recommendation ignored; (2) that Petitioner required counsel to properly present his claims, but that the court denied his motion for appointment of counsel; and (3) that the destruction of the prison law library by a tornado tolled the statute of limitations to amend his petition. (Doc. # 5 at 1-2). The objections also suggest that the instant petition was actually an attempt to amend the Previous Petition. (*See* Doc. # 5 at 2 (referring to filings made in Previous Petition and noting that the instant petition "simply seeks to have the claims added to his ineffective of (*sic*) assistance of counsel claims")). Accordingly, the objections reinforce the conclusion that the instant petition is, in fact, impermissibly successive. The objections, and their shortcomings, are addressed in turn, below.

First, Petitioner is incorrect in asserting that the report and recommendation ignored his purported response to the Order to Show Cause. Specifically, Petitioner contends that, on October 23, 2013, he submitted a filing styled as "Petitioner's Response to Show Cause Order Entered Oct. 16, 2013." (Doc. # 5 at 1). Contrary to this assertion, a review of the docket sheet reveals that Petitioner filed nothing in response to the Order to Show Cause in the instant case. Petitioner did submit such a filing in the Previous Petition, applying both the caption and case number for that case. *See Arnold v. Estets*, 2:12-cv-02398-KOB-PWG, Doc. # 14. While a filing in another case before a different judge has no impact on the instant petition, analysis of Petitioner's erroneously filed response reveals that, even if properly filed in the instant case, it would not alter the magistrate's recommendation of dismissal. Specifically, the filing does not show cause why the instant petition should not be dismissed as successive; instead, it merely argues that Petitioner should have been allowed to amend the Previous Petition. (*Id.* at 1-2).[1]

---

[1] Petitioner moved to amend the Previous Petition on November 2, 2012, after the Government had responded to the show cause order in that case. *Arnold v. Estets*, 2:12-cv-02398-KOB-PWG, Doc. # 8. Soon thereafter, Petitioner filed the instant petition. The judge

Accordingly, even if Petitioner had properly filed the response to the Order to Show Cause in this case, it would not change the inescapable conclusion that the instant petition is due to be dismissed as successive. Accordingly, this objection is due to be OVERRULED.

Similarly, Petitioner's objection based on the refusal to appoint counsel is both without merit and inextricably bound up with the Previous Petition. Petitioner has not requested counsel in the instant case. However, a request for appointed counsel was imbedded in the response to the Show Cause Order, erroneously filed in the Previous Petition. *Arnold v. Estets*, 2:12-cv-02398-KOB-PWG, Doc. # 14 at 2. While a court may appoint counsel to represent petitioners in certain situations, such as where novel or complex legal questions are presented, no such circumstances exist here. *See Goodman v. Meko*, 861 F.2d 1259, 1260 (11th Cir. 1988) (denial of appointed counsel not abuse of discretion where no exceptional circumstances exist). The convolutions necessary to sort out the case in which each of Petitioner's pleadings should have been filed is considerably more complex than the dispositive issue in this case: whether the instant petition is due to be dismissed as successive. Simply put, it is. Not even the most skilled and zealous advocate could alter this conclusion. Accordingly, Petitioner's objection based on the refusal to appoint counsel is due to be OVERRULED. For the same reason, to the extent that the objection or any other filing could be construed as a motion to appoint counsel in this case, it is due to be DENIED.

Finally, Petitioner's objection regarding the destruction of the prison law library is also an attempt to evade the denial of the motion to amend the Previous Petition. This argument was presented to the judge presiding over that case; it was rejected. *Arnold v. Estets*, 2:12-cv-02398-KOB-PWG, Docs. ##

---

presiding over the Previous Petition denied the motion to amend. (*Id.* at Doc. # 12). Accordingly, the instant Petition appears to be Petitioner's impermissible attempt to re-litigate his proposed amendment of the Previous Petition.

8, 9, 14.  Petitioner cannot re-litigate that issue here by way of a successive petition.  Accordingly, this objection is due to be OVERRULED.

Having carefully reviewed and considered *de novo* all the materials in the court file, the Court is of the opinion that the magistrate judge's findings are due to be and are hereby ADOPTED and his recommendation is ACCEPTED. To the extent that Petitioner's filing of December 12, 2013 (Doc. # 5) is construed as interposing objections to the report and recommendation, such objections are due to be and hereby are OVERRULED.  To the extent that Petitioner's filing (Doc. # 5), is construed as a motion, it is due to be and hereby is DENIED.  Additionally, to the extent that any of Petitioner's pleadings erroneously filed in the Previous Petition could be construed as motions in this case, they are due to be and hereby are DENIED.  Accordingly, the petition for writ of habeas corpus is due to be DISMISSED as successive. A Final Judgment will be entered.

**DONE** this the   19th   day of December, 2013.

*James H. Hancock*
———————————————————
SENIOR UNITED STATES DISTRICT JUDGE